Matter of Grasser (2026 NY Slip Op 01786)

Matter of Grasser

2026 NY Slip Op 01786

Decided on March 25, 2026

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.

2025-10275

[*1]In the Matter of Kyle Grasser, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Kyle Grasser, respondent. (Attorney Registration No. 5341979)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 16, 2015.

Catherine A. Sheridan, Hauppauge, NY (Rose L. Dias of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
On August 15, 2025, the Grievance Committee for the
Tenth Judicial District served the respondent with a notice of petition and a verified petition, both dated July 30, 2025. Proof of personal delivery was duly filed with this Court.
The petition contains four charges alleging that the respondent violated the Rules of Professional Conduct. The petition alleges that the respondent engaged in conduct prejudicial to the administration of justice by failing to cooperate with two separate Grievance Committee investigations (charges one and two), engaged in conduct prejudicial to the administration of justice by failing to satisfy an arbitration award (charge three), and engaged in conduct adversely reflecting on his fitness as a lawyer (charge four), in violation of rule 8.4(d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon the respondent as this Court deems appropriate. Although the motion papers were duly served upon the respondent, he has neither opposed the motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the petition dated July 30, 2025, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated July 30, 2025, established is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Kyle Grasser, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Kyle Grasser, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Kyle Grasser, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Kyle Grasser, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court